**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

OSCAR GOSSELIN CRUZ,

                                            Petitioner,

v.

CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,

                                            Respondents.

Case No.:  3:26-cv-00407-RBM-BJW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Oscar Gosselin Cruz's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  Petitioner claims he is being detained in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause.  (*Id*. ¶¶ 39–46.)  For the reasons set forth below, the Petition is **GRANTED**.

## I.   BACKGROUND

Petitioner, a national of Honduras, entered the United States without inspection in 2021.  (Doc. 1 ¶ 1.)  Petitioner resided in the United States continuously since that time.  (*Id*.)  On November 17, 2025, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") and transferred to the Otay Mesa Detention Center.  (*Id*. ¶ 28.)

1

Petitioner is currently detained pending his removal proceedings and has not received an individualized custody hearing.  (*Id*. ¶¶ 28, 36)

## II.    <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.    <u>DISCUSSION</u>

Respondents concede that Petitioner, as a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), is detained under 8 U.S.C. § 1226(a) and therefore entitled to a bond hearing. (Doc. 4 at 2.)  Petitioner "requests that the Court grant the Petition and issue an order directing that a bond hearing be held pursuant to 8 U.S.C. § 1226(a), without unnecessary delay."  (Doc. 5 at 2.)  As the Parties agree that Petitioner is detained under § 1226, the Court **<u>GRANTS</u>** the Petition.

## IV.    <u>CONCLUSION</u>

Based on the foregoing reasons, the Petition (Doc. 1) is **<u>GRANTED</u>**.  Accordingly, the Court **<u>ORDERS</u>** as follows:

1. Respondents shall provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) **within fourteen (14) days** of the entry of this Order.  Respondents shall bear the burden of establishing, by clear and convincing evidence, that

3:26-cv-00407-RBM-BJW

Petitioner poses a danger to the community or a risk of flight.[1]

2. If the bond hearing is not conducted **within fourteen (14) days** of the entry of this Order, Respondents shall release Petitioner from custody until it is determined that his detention is warranted under § 1226(a).

3. On or before **February 23, 2026**, the Parties **SHALL FILE** a status report indicating whether and when Petitioner received a bond hearing.

**IT IS SO ORDERED.**

DATE:  February 6, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] *See Sadeqi v. LaRose*, — F. Supp. 3d —, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond")).

3